IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM LLOYD GRIFFITH, §<br>#43478-177, §<br>      Petitioner, §<br>§<br>v. §<br>§<br>UNITED STATES OF AMERICA, §<br>      Respondent. § | | CIVIL NO. 3:16-CV-0660-M-BK<br>(3:11-CR-0250-M-(07)) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the section 2255 motion be summarily dismissed as time barred.

**I. BACKGROUND**

In 2012, Petitioner pled guilty to conspiracy to distribute a controlled substance and was sentenced to 140 months' imprisonment. *United States v. Griffith*, 3:11-CR-250-M (N.D. Tex. May 25, 2012), Crim. Doc. 883. He did not appeal. On March 8, 2016, Petitioner filed this section 2255 motion, challenging the enhancement of his sentence under *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551, 2563 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process. Doc. 2 at 4. Petitioner asserts his section 2255 motion is timely because it was filed within "one year of the *Johnson* decision which is a newly asserted right as decided by the Supreme Court." Doc. 2 at 11.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking post-conviction relief under 28 U.S.C. § 2255, which the Court may consider *sua sponte*. *See* 28 U.S.C. § 2255(f); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999) (addressing a similar provision applicable to state habeas petitions under 28 U.S.C. § 2254).

The one-year period begins to run, in most cases, when the judgment becomes final. *See* 28 U.S.C. § 2255(f)(1). The Supreme Court has held that a judgment becomes final when the applicable period for seeking direct review of a conviction has expired. *Clay v. United States*, 537 U.S. 522, 525 (2003).

Here, Petitioner's conviction became final on June 8, 2012, the last day on which he could have filed a direct appeal. FED. R. APP. P. 4(b)(1)(A); *Clay*, 537 U.S. at 525. The deadline to file a section 2255 motion expired a year later on June 8, 2013. Because Petitioner did not file his section 2255 motion until February 29, 2016, over two and one-half years past the one-year deadline, his section 2255 motion is clearly untimely under section 2255(f)(1).[1]

Petitioner's reliance on *Johnson v. United States*, handed down by the Supreme Court on June 26, 2015, is misplaced. Even assuming *Johnson* applies to the Career Offender provisions of the Sentencing Guidelines,[2] Petitioner's sentence was not enhanced under those provisions. In

---

[1] The Court deems the section 2255 motion filed on February 29, 2016, the date Petitioner placed it in the prison mailing system. Doc. 2 at 12. *See* Rule 3(d) of the Rules Governing Section 2255 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's mail system).

[2] Like the ACCA, the career offender provisions also contain a residual clause. *See* U.S.S.G. § 4B1.2(a)(2). *See also Ramirez v. United States*, 799 F.3d 845, 856 (7th Cir. 2015) ("proceed[ing] on the assumption that the Supreme Court's reasoning [in *Johnson*] applies to section 4B1.2 as well"); *United States v. St. Clair*, 608 F. App'x 192, 194 (5th Cir. 2015) (per

Petitioner's case, the base offense level from the Career Offender Table did not exceed the base offense level under Chapter 2, thus the Chapter 2 base offense level was used. *See Presentence Report* (PSR) ¶ 84, Crim. Doc. 351-1 at 20 (determining offense level under USSG §§2D1.1); *Addendum to PSR* ¶84, Crim. Doc. 475-1 at 4 (declining to make changes to ¶ 84); *Statement of Reasons*, Crim. Doc. 884 at 1, 4 (adopting PSR but sustaining Defendant's objection to 2-level gun enhancement).[3]

Moreover, Petitioner posits no facts from which the Court can find that equitable tolling applies. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (equitable tolling requires a petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing"); *see also Menominee Indian Tribe of Wis. v. United States,* --- U.S. ---, 136 S. Ct. 750, 755-756 (2016). *Fisher v. Johnson,* 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted). Neither a prisoner's unfamiliarity with the law nor his *pro se* status rises to the level of a rare or exceptional circumstance that would warrant equitable tolling. *See United States v. Petty*, 530 F.3d 361, 365-366 (5th Cir. 2008) (lack of legal training, ignorance of the law, and *pro se* status are insufficient to equitably toll the statute of limitations). Accordingly, Petitioner cannot carry his burden of establishing that

---

curiam) ("For our purposes, the [ACCA] definition for a 'violent felony' is identical to the career offender guideline definition for a 'crime of violence.'").

[3] Because the Career Offender provision has no applicability in this case, the Court need not address whether *Johnson* applies retroactively to cases on collateral review, an issue currently pending before the United States Supreme Court. *See Welch v. United States,* 136 S. Ct. 790 (2016).

equitable tolling is warranted in this case.[4]  *Id.* at 365.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 is summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.

**SIGNED** April 6, 2016.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4]  In addition, the Court finds that 28 U.S.C. §§ 2255(f)(2) and (4) are inapplicable here. Petitioner does not appear to base his claims on a government created impediment, and the facts supporting his ground for relief should have been known prior to the date on which his conviction became final.